E. M. LATHROPE v. JOHN McBRIDE.

[FILED JANUARY 27, 1891.]

**Voluntary Payment:** HOMESTEAD: LIENS. One L. brought an action of replevin against B. & C., and on the trial failed to appear, when judgment was rendered by default in favor of the defendants for a return of the property, or in case a return could not be had, for the value thereof, being $85.89. A transcript of this judgment was thereupon filed in an adjoining county in which L. had a homestead under the laws of the United States. Afterwards L. sought to obtain a loan upon his homestead by executing a mortgage thereon, but the person who furnished an abstract of title certified that the judgment was a lien on the homestead, and L. being unable to obtain a loan on such abstract, paid the judgment under protest, "and demands to have the same held pending action in error of Knox county, Nebraska." The judgment in Knox county was afterwards affirmed. In an action by L. against the clerk of the district court to recover the money paid on the judgment *held*, First, that the judgment was not a lien on the homestead; Second, that the payment was voluntary on a lawful debt and could not be recovered from the clerk of the district court.

ERROR to the district court for Holt county. Tried below before KINKAID, J.

*H. M. Uttley,* for plaintiff in error, cited, contending that the payment was not voluntary and could be recovered back: *Fargusson v. Winslow,* 25 N. W. Rep., 942; *Shaw v. Woodcock,* 7 Barn. & C. [Eng.], 73; *Parker v. Ry. Co.,* 7 Eng. Law & Eq., 528; *Elliott v. Swartwout,* 10 Pet. [U. S.], 137, 156; *Cobb v. Charter,* 32 Conn., 358; *Chase v. Dwinal,* 7 Greenl. [Me.], 134; *Chamberlain v. Reed,* 13 Me., 357; *Scholey v. Mumford,* 60 N. Y., 498; *Briggs v. Boyd,* 56 Id., 289; *Beckwith v. Frisbie,* 32 Vt., 559; *Lafayette R. Co. v. Pattison,* 41 Ind., 312; *Hackley v. Headley,* 45 Mich., 569; *Chandler v. Sanger,* 114 Mass., 364; *Bates v. Ins. Co.,* 3 Johns. Cas., 238; *Smith v. Brom-*

19

*ley,* Dougl., 695; *Adams v. Reeves,* 68 N. Car., 134; *Briggs v. Lewiston,* 29 Me., 472; *Grim v. School Dist.,* 57 Pa. St., 433; *First Natl. Bank v. Watkins,* 21 Mich., 483; *Hall v. Shultz,* 4 Johns. [N. Y.], 240; *Silliman v. U. S.,* 101 U. S., 465; *Vyne v. Glenn,* 41 Mich., 112.

*E. P. Weatherby, contra.*

MAXWELL, J.

In December, 1886, the plaintiff began an action against George E. Cheney and John Benedict before a justice of the peace of Knox county, and on the trial the following proceedings were had as appear from the transcript:

"December 23, 1886, at 10 o'clock in the forenoon, case called, plaintiff failing to appear, and after waiting one hour and having been called three times in open court he is adjudged to be in default. Jury being waived by defendant he proceeds to trial to the court, and after hearing evidence offered by the defendant, to-wit, Nos. 2, 3, and 4, I find that the right of property and right of possession of said property when this action was commenced was in the defendant, and I assess the value of said property at the sum of $85.89. It is therefore considered by me that the said defendant have a return of said property taken on said writ of replevin, or in case a return of said property cannot be had that he recover of said plaintiff the value thereof, assessed at $85.89, and costs of said suit."

The case was taken on error to the district court by the plaintiff, where, on the 23d day of May, 1888, the judgment was affirmed.

A transcript of the judgment of the justice was filed in the office of the clerk of the district court of Holt county in February, 1887. At that time the plaintiff possessed a homestead in Holt county and soon afterwards desired to obtain a loan on such homestead. The person who furnished an abstract of title seems to have considered the

judgment a lien on the homestead, and hence certified that fact in his abstract.  As the plaintiff was unable to procure a loan with a cloud upon the title to the land, he, through one Dryton, paid to the clerk of the district court of Holt county the amount of the judgment and costs and received a receipt therefor as follows:

"O'NEILL, NEB., March 17, 1887.

"Received from John Dryton the sum of one hundred and nine and $\frac{21}{100}$ dollars, in full payment of judgment filed by Geo. E. Cheney and John Benedict v. E. M. Lathrope.  Said judgment was paid by said John W. Dryton for E. M. Lathrope as agent, and pays said sum under protest and demands to have same held pending action in error of Knox county, Nebraska.

"JOHN MCBRIDE,
"*Clerk of District Court.*
"By J. H. MEREDITH, *Deputy.*"

This action is brought against McBride to recover the money paid upon said judgment.  The court below found the issues in favor of the defendant and dismissed the action.  In this we think it did right.  The judgment was not a lien upon the homestead, and, no doubt, had an action been brought for the purpose of removing the apparent cloud, it would have been sustained—probably at plaintiff's cost.  The plaintiff, however, did not resort to this procedure, but chose the more expeditious way of paying the judgment.  This was a voluntary payment and cannot be recovered back.  So far as appears the plaintiff was justly indebted in the amount claimed, and the fact that the judgment was afterwards affirmed in the district court, and no attempt made to have such judgment reviewed in the supreme court, shows that he was satisfied therewith.  He certainly has no cause of action against the clerk of the district court of Holt county.

The judgment is

AFFIRMED.

THE other judges concur.